**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

CASSIDIAN COMMUNICATIONS, INC.,

        Plaintiff,

    v.

MICRODATA GIS, INC.,

        Defendant.

Case No. 2:12-cv-162-JRG

**PROTECTIVE ORDER**

Plaintiff Cassidian Communications, Inc. together with Defendant microDATA GIS, Inc.,

through their respective counsel of record in the above-captioned action (referenced herein as

õthis Actionö), hereby stipulate to the entry of a Protective Order pursuant to Federal Rule of

Civil Procedure 26(c) and on the following terms and conditions.

**I.      APPLICABILITY AND DESIGNATION OF PROTECED MATERIAL.**

      **A.      Applicability of Order.**

This Order will govern the handling, use, and disclosure of documents, electronically

stored information, things, pretrial, hearing and/or deposition testimony, any exhibits thereto,

discovery responses, and recorded, graphical, or other materials produced during these

proceedings by any party or by any third party who has expressly agreed in writing to be bound

by the terms of this Order, and any copy, abstract, summary, digest, or by-product of such

materials (õDiscovery Materialö).  Such party or third party will be referred to in this Order as

the õProducing Party.ö  Each party receiving the Discovery Materials will be referred to in this

Order as a õReceiving Party.ö  Except with the prior written consent of the Producing Party, any

1

Discovery Material that the Producing Party designates as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS'EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" along with (1) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings so designated; (2) pretrial pleadings, exhibits to pleadings and other court filings so designated; (3) affidavits so designated; and (4) stipulations so designated will be considered "Protected Material" and will not be disclosed to any person or used for any purpose except as expressly permitted in this Order.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Protected Material shall also be considered Protected Material and treated as such under this Order.

B.      **Designation of Materials as Protected Material.**

1.      **Materials Eligible for Designation as "CONFIDENTIAL."**

Any party to this litigation, or any third party who elects to be covered by this Order, may designate Discovery Material as "CONFIDENTIAL" to the extent it has a good faith belief that the Discovery Material contains confidential or proprietary technical, scientific, trade secret, or business information of the Producing Party or a third party to whom the Producing Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material that is not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the conduct of the Producing Party's business.  Protected Material designated as confidential shall be produced by the Producing Party by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Discovery Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when

2

received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

### 2. Materials Eligible for Designation as "RESTRICTED – ATTORNEYS' EYES ONLY."

Any party to this litigation, or any third party who elects to be covered by this Order, may designate Discovery Material as "RESTRICTED  - ATTORNEYS' EYES ONLY" (or an equivalent designation) if the designating party reasonably believes that the Discovery Material constitutes or contains trade secrets or other information such as non-public research, development, product development, technical, manufacturing, financial, sales, marketing, personnel, customer, vendor, or commercial information, which, if disclosed to the Receiving Party, would create a substantial risk of harm to the competitive position of the Producing Party.

### 3. Materials Eligible for Designation as "RESTRICTED CONFIDENTIAL SOURCE CODE."

Any party to this litigation, or any third party who elects to be covered by this Order, may designate Discovery Material as "RESTRICTED CONFIDENTIAL SOURCE CODE" (or an equivalent designation) if the Producing Party reasonably believes that the Discovery Material is eligible for designation as "RESTRICTED – ATTORNEYS' EYES ONLY" under Section I.B.2 above and constitutes a Producing Party's computer instructions, data structures, data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module, and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material").

**4.    Designation of Protected Material**

A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED –

ATTORNEYS'EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may

be made at any time.

**5.    Exceptions to Eligibility for Designation.**

Information that otherwise is eligible for designation as "CONFIDENTIAL" or

"RESTRICTED – ATTORNEYS'EYES ONLY" or "RESTRICTED CONFIDENTIAL

SOURCE CODE" under the standards set forth above will not be deemed protected, and the

parties will use reasonable efforts to ensure that information is not designated as such, if such

information is:

(a)    at the time of production or subsequently becomes, through no wrongful

act or failure to act on the part of the Receiving Party, generally available

to the relevant public through publication or otherwise; or

(b)    already legitimately in the possession of the Receiving Party at the time of

production; or

(c)    disclosed to the Receiving Party by a third party without breach of an

obligation of confidence to the Producing Party; or

(d)    developed independently by a party as reflected in written documents

prepared prior to disclosure by the Producing Party; or

(e)    contained in an issued patent or a publicly available printed publication.

**6.    Materials Produced Prior to Entry of this Protective Order.**

Any Discovery Material produced in this litigation before issuance of this Order with the

designation "Confidential," "Highly Confidential," or the equivalent will receive the same

treatment as if designated "RESTRICTED – ATTORNEYS'EYES ONLY" under this Order,

unless and until such Discovery Material is re-designated to have a different classification under this Order.

### C.   Marking.

#### 1.   General.

The designation of Protected Material will occur by visibly marking it as "CONFIDENTIAL" or some form of "RESTRICTED – ATTORNEYS'EYES ONLY" or some form of "RESTRICTED CONFIDENTIAL SOURCE CODE."  Counsel will agree on a mutually acceptable manner for the identification of Protected Material that cannot be readily or easily marked in a visible manner.

#### 2.   Production of Originals for Inspection.

If the Receiving Party desires to inspect original Discovery Material either after a Receiving Party has received copies of produced documents or before deciding whether to obtain a copy of some or all of them, then the Producing Party will make original files and records available for inspection by the inspecting party's outside counsel, testifying experts, and non-testifying consultants.  No confidential marking need be made by the Producing Party in advance of the inspection.  For purposes of the inspection, all documents within the produced files and records will be considered "RESTRICTED – ATTORNEYS'EYES ONLY."  If the Receiving Party requests the production of the inspected Discovery Material, the Producing Party will mark the originals (or, at its option, copies for production) of such documents with appropriate "CONFIDENTIAL" or "RESTRICTED  - ATTORNEYS'EYES ONLY" designations before copies are made for the Receiving Party that performed the inspection.

#### 3.   Designations of Deposition Testimony or Hearing Transcript.

Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript designate the deposition testimony, hearing transcript, or any

portion thereof as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS'EYES ONLY"

pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be

limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the

entire deposition or hearing transcript shall be treated as "RESTRICTED – ATTORNEYS'

EYES ONLY".

Transcript pages containing Protected Material must be separately bound by the court

reporter (to the extent known at the time of the preparation of the transcript), who must affix to

each such page the appropriate confidentiality designation.  All copies of "RESTRICTED

CONFIDENTIAL SOURCE CODE" materials utilized during a deposition or marked as an

exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each

day.  At no time will any "RESTRICTED CONFIDENTIAL SOURCE CODE" material be

given to or left with the court reporter or any other individual.

### 4.  Inadvertent Disclosure.

The inadvertent or unintentional disclosure of undesignated or under-designated

Protected Material will not be deemed a waiver in whole or in part of a Producing Party's claim

of confidentiality.  Good faith disclosure of such material by any Receiving Party prior to its

designation as confidential will not be a violation of this Order.

Any Producing Party that inadvertently or unintentionally produces Protected Material

without designating it as Protected Material may request destruction of that Protected Material

by notifying the Receiving Party, as soon as reasonably possible after the Producing Party

becomes aware of the inadvertent or unintentional disclosure, and by providing replacement

Protected Material that is properly designated.  Upon receiving the replacement Protected

Material, the Receiving Party shall then destroy all copies of the inadvertently or unintentionally

produced Protected Material.  The Receiving Party will also make reasonable efforts to destroy

all documents, information or materials derived from or based upon Protected Material that are in the possession of persons who cannot access the replacement Protected Material.

### 5.   Challenge to Marking.

A party may request in writing to the other party that the designation given to any Protected Material be modified or withdrawn.  If a Receiving Party disagrees with a Producing Party that any Discovery Material was appropriately designated as Protected Material, then the Receiving and Producing Parties will meet and confer and attempt, in good faith, to resolve such dispute on an informal basis.  If such informal efforts fail to resolve the dispute, after ten (10) days after the initial request for redesignation, the Receiving Party may move the Court, after complying with the Court's rules and procedures for resolving discovery disputes prior to requesting Court intervention, for relief.  Upon any such application to the Court, the party seeking to designate the material as Protected Material will have the burden of establishing that the disputed material is entitled to confidential treatment under the appropriate category.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating party shall be maintained.  The failure to designate information in accordance with this Order or the failure to challenge a designation at the time of production will not preclude the filing of a motion at a later date seeking to impose such designation or challenge the propriety thereof.

### 6.   Failure to Mark Documents

The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry

of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

### 7.    Production of Documents Shall Not Be Deemed Publication

Production of Protected Materials by each of the parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

## II.    USE OF PROTECTED MATERIAL.

### A.    Restrictions on Use of Protected Material.

Protected Material will not be used by any recipient or disclosed to anyone for any purpose other than in connection with this Action and will not be disclosed by the Receiving Party to anyone other than those persons designated below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.  Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified Protected Materials and subject to all of the terms and conditions of this Order.

### 1.    Access to "CONFIDENTIAL" Material.

Access to materials or information designated as ōCONFIDENTIALö will be restricted to the Producing Party and to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in section I.D herein:

(a)     Outside counsel for the Receiving Party, including local counsel, their employees, graphics or design services, independent litigation support services, and outside copy services assisting such counsel with the litigation of this Action;

(b)     Court personnel, stenographic reporters, videographers, and jurors as are necessarily incident to depositions, hearings, or trial;

(c)     Testifying experts or non-testifying consultants retained by or on behalf of a party to assist outside counsel for any party in connection with this litigation (but only after meeting the requirements set forth below in Section II.B of this Order), and the employees, contractors, and assistants, working under the supervision of such experts or consultants provided that: (1) such consultants or experts are not presently employed by the parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Certificate of Consent attached as Exhibit A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The parties agree to promptly confer and use good faith to resolve any such objection.  If the parties are unable to resolve any objection, the objecting party may file a motion with the Court as detailed in II.B.  The objecting Party shall have the burden of proving the need for a protective order.  No

disclosure shall occur until all such objections are resolved by agreement or Court order;

(d)    Jury consultants or trial consultants retained by or on behalf of a party to assist outside counsel for any party in connection with this litigation, together with technicians, assistants, or mock jurors who are (i) supervised by such consultants and (ii) subject to a written obligation of confidentiality;

(e)    Internal counsel of a Receiving Party who are members of at least one state bar in good standing and who either have responsibility for making decisions dealing directly with the litigation of this Action or who are assisting outside counsel in preparation for proceedings in this Action, provided, however, that (i) access to ŏCONFIDENTIALŏ materials pursuant to this paragraph will be limited to internal counsel who do not exercise authority for ŏcompetitive decision-makingŏ as that term is explained in *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) ;

(f)    Up to three (3) officers, directors, representatives, or employees of a party to this Action who either (i) have responsibility for making decisions dealing directly with the litigation of this Action or (ii) are assisting outside counsel in preparation for proceedings in this Action, except that the above-identified representative(s) will not receive access to or disclosure of Protected Material of a co-Defendant, absent the written consent of the Producing Party.  Either party may in good faith request

10

that the other party's consent to designate one or more additional

representatives.  The other party shall not unreasonably withhold such

consent, and the requesting party may seek leave of Court to designate

such additional representative(s) if the requesting party believes the other

party has unreasonably withheld such consent; and

(g)  Any other person with the prior written consent of the Producing Party

(*e.g.*, certain officers or representatives of the parties for purposes of

mediation or settlement discussions).  The parties agree that they shall not

unreasonably withhold such consent.

## 2.  Access to "RESTRICTED – ATTORNEYS' EYES ONLY" Material.

Access to materials or information designated as "RESTRICTED – ATTORNEYS'

EYES ONLY" will be restricted to individuals listed in the following subsections of Section

II.A.1 above:

- subsections (a)-(c);

- subsection (e); and

- subsection (g).

## 3.  Access to "RESTRICTED CONFIDENTIAL SOURCE CODE."

Access to materials or information designated as "RESTRICTED CONFIDENTIAL

SOURCE CODE" (referenced herein as "Source Code Material") will be restricted to individuals

listed above in subsections (a)-(c) and (g) of Section II.A.1, with the exception that experts or

consultants identified in Section II.A.1(c) will not disclose Source Code Material to their

employees, contractors, or assistants, and with the following additional restrictions:

(a)     Access to a Producing Party's Source Code will be provided only on

"stand-alone" computer(s) (that is, the computer may not be linked to any

network, including a local area network ("LAN"), an intranet or the

Internet and must have its networking capabilities fully disabled),

referenced herein as the "Viewing Computer." The Viewing Computer

provided for the inspection of Source Code may only be located at either

(at the Producing Party's sole discretion) (i) the offices of the Producing

Party's outside counsel or (ii) a third party escrow agent selected by the

Producing Party, so long as said locations are not unduly inconvenient to

the Receiving Party and its experts.  The Viewing Computer may (at the

Producing Party's sole discretion) have all ports (*e.g.,* USB, disk drives),

software, and other avenues that could be used to copy or transfer data

blocked or disabled.

(b)     At the Receiving Party's request, the Producing Party will provide up to

two (2) stand-alone Viewing Computers at the production location.  The

Receiving Party may request that commercially-available licensed

software tools for viewing and searching Source Code be installed on the

Viewing Computer (in which case the Receiving Party must provide the

Producing Party with the CD or DVD containing such software tool(s) at

least two weeks in advance of the inspection).  The Producing Party will

have the right to object to the use of particular software, to the extent such

software has the capability of editing or altering Source Code under the

conditions proposed for the Receiving Party's inspection.  The Producing

Party must make its objection no later than one week in advance of the inspection or will have waived that objection.

(c)  The Receiving Party will make reasonable efforts to restrict its requests for access to the Viewing Computer to "normal business hours" (which for purposes of this paragraph will be between 9:00 a.m. and 6:00 p.m. where the Viewing Computer is located).  However, upon reasonable notice from the Receiving Party, the Producing Party will make reasonable efforts to accommodate the Receiving Party's request for access outside of normal business hours.  The parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel will not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.  Beginning one week prior to the beginning of any trial in this Action and continuing through the end of any such trial, access to the Source Code Material of those parties who are in such trial will be provided under the same conditions and with the same limitations and restrictions as provided in this paragraph at local counsel for the Producing Party in the Eastern District of Texas.

(d)  The Producing Party shall provide the Receiving Party with information explaining how to start, log onto, and operate the Viewing Computer(s) in order to access the produced Source Code Material on the Viewing Computer(s).

(e)  The Producing Party will produce Source Code Material in computer

searchable format on the Viewing Computer(s).

(f)     Access to Protected Material designated RESTRICTED CONFIDENTIAL

SOURCE CODE shall be limited to outside counsel and up to three (3)

outside consultants or experts (*i.e.*, not existing employees or affiliates of a

party or an affiliate of a party) retained for the purpose of this litigation

and approved to access such Protected Materials pursuant to II.A.1(c)

above.  A Receiving Party may include excerpts of Source Code Material

in a pleading, exhibit, expert report, discovery document, deposition

transcript, or other Court document (referenced herein as "Source Code

Documents"), provided that the Source Code Documents are appropriately

marked under this Order, restricted to those who are entitled to have

access to them as specified herein, and, if filed with the Court, filed under

seal in accordance with the Court's rules, procedures and orders.

(g)     Except as set forth in section II.A.3(i) below, no electronic copies of

Source Code Material shall be made without prior written consent of the

Producing Party, except as necessary to create documents which, pursuant

to the Court's rules, procedures and order, must be filed or served

electronically.

(h)     At the request of the Receiving Party, the Producing Party will produce

paper copies of those portions of Source Code Material selected by the

Receiving Party.  Counsel for the Receiving Party may request one

additional copy of each original printout of source code.  Within five (5)

business days of receiving the Receiving Party's request, counsel for the

Producing Party will provide Bates-numbered copies of such original printouts to counsel for the Receiving Party; each printed copy will be designated "RESTRICTED CONFIDENTIAL SOURCE CODE" (or equivalent designation) and the Receiving Party shall maintain a log of all such files that are printed or photocopied.  No more than 10% or 1000 pages of the total Source Code Material, whichever is greater, may be in printed form at any one time.  If necessary, the Receiving Party may request to print additional pages in excess of the 10% of the total Source Code Material or 1000 pages (whichever is greater) of total Source Code Material, which request the Producing Party will not unreasonably deny. In any event, no more than 200 pages of continuous Source Code Material will be printed without the authorization of the Producing Party.

(i)     The paper copies of Source Code Material received by the Receiving Party will not be replicated, other than to the extent reasonably necessary to use excerpted Source Code Material as Source Code Documents.  To the extent portions of Source Code Material are quoted in a Source Code Document, either (i) the entire document will be designated and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE" or (ii) those pages containing quoted Source Code will be separately bound, and stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE."  Such Source Code Documents will be filed under seal where appropriate.  The Receiving Party will only include such excerpts as are reasonably necessary for the purpose for which such Source Code Material is used.

15

Images or copies of Source Code Material will not be included in correspondence between the parties (references to production numbers will be used instead) and will be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software using password protection; provided, however, that images of such a selected portion of the Source Code Material may be filed with the Court in accordance with the Court's procedure for filing protected material under seal. The communication and/or disclosure of electronic files containing any portion of Source Code Material will at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Order.

(j)     The Receiving Party is prohibited from bringing outside electronic devices that may be used to electronically copy information from a stand-alone computer (including but not limited to external floppy drives, zip drives, flash drives, Ethernet cables, USB cables, or other similar hardware) into the room with the Viewing Computer(s) during a Source Code inspection. Laptop computers, personal digital assistants, and cell phones (including those with built-in cameras) will otherwise be permitted inside the Viewing Computer room, so long as such devices are not used in any way to reproduce or transfer material stored or displayed on the Viewing Computer, and any cameras and Internet connectivity in said devices are

16

disabled.  If any individual inspecting the Producing Party's Source Code seeks to take notes on hardcopy paper, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks.  No loose paper or other paper that can be used in a printer may be brought into the secure room.  The individual taking notes may not copy any entire line of the Source Code onto paper used for the notes.  The Producing Party will not videotape or otherwise record the review of Source Code by the Receiving Party; the Producing Party may, however, have a person monitor the Source Code review to ensure compliance with the provisions of this Order, so long as the monitoring does not involve any attempt to discern the substance of the Receiving Party's review.

(k)     A list of names of persons who will review the Source Code will be provided to the Producing Party in conjunction with any written (including e-mail) notice requesting inspection.  When the secure room is maintained by an escrow agent or approved third party outside of the control of the Producing Party or its outside counsel, the Receiving Party will maintain a daily log of the names of persons who enter the secure room to view the Source Code and when they enter and depart.  The Producing Party will be entitled to have a person observe all entrances and exits from the Source Code viewing room.

(l)     The Receiving Party's outside counsel will maintain a log of all copies of the Source Code Material (received from a Producing Party) that are delivered by the Receiving Party to any qualified person outlined above.

17

The log will include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request, the Producing Party will be provided with a copy of the log as well.

(m) Should printouts or photocopies of RESTRICTED CONFIDENTIAL SOURCE CODE material be transferred back to electronic media for use as Source Code Documents, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such.

(n) Outside counsel of record for the Receiving Party will ensure that all copies of the Source Code Material are stored in a manner that is reasonably calculated to prevent unauthorized access. Access will be limited to the persons authorized for access to "RESTRICTED CONFIDENTIAL SOURCE CODE" material under this Order. Copies of all Source Code Material will be maintained in a secured, locked area. The Receiving Party may also temporarily keep the printouts or photocopies of "RESTRICTED CONFIDENTIAL SOURCE CODE" material at: (i) the Court for any proceeding(s) relating to the Source Code Material; (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(o) A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under section

II.A.3(f) above to another person authorized under section II.A.3(f) above, on paper via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in section II.A.3(n)  above and is at all times subject to the transport restrictions set forth herein.  But, for those purposes only, the Source Code Material may be loaded onto a stand-alone computer.

(p)     All copies of any portion of the Source Code Material in whatever form will be securely destroyed if they are no longer of use in this case.  Copies of Source Code Material that are marked as deposition exhibits will not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(q)     Outside counsel of record for the Receiving Party will notify the Producing Party within twenty-four (24) hours of becoming aware of any loss, theft, or unauthorized copying of the Producing Party's Source Code Material.

### 4.    Ethical Walls.

Any attorney representing a party, whether in-house or outside counsel, and any person associated with a party and permitted to receive the other party's Protected Material that is designated RESTRICTED – ATTORNEYS'EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "Highly Sensitive Materials"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other party's Highly Sensitive

Material under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patent-in-suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each party shall create an ōEthical Wallö between those persons with access to Highly Sensitive Material and any individuals who, on behalf of the Party or its acquire, successor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

### 5.  Disclosure of Protected Materials.

There shall be no disclosure of any Protected Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

### B.  Experts.

Prior to disclosing any Protected Material to a testifying expert or non-testifying consultant (ōExpertö), the party seeking to disclose such information will provide the Producing Party or Parties with written notice that includes:  (i) the name of the Expert; (ii) the Expertøs present employer, business address, and title; (iii) a list of any and all other cases in which the Expert testified as an expert at trial or by deposition during the previous four (4) years, and (iv) an up-to-date curriculum vitae setting forth the Expertøs employment and/or consultations during the previous four (4) years (including the identities of the entities by or on behalf of which such Expert was employed, engaged, or retained).

To the extent that any of the employment or consultation arrangements cannot be provided due to confidentiality obligations, the party seeking to make the disclosure to the Expert will first establish that the confidentiality obligations to which the Expert was subject continue to be in force and effect and insisted upon by the entity with whom the agreement was made and, if so, then identify, to the extent possible without violating any confidentiality obligations, (a) the industry in which the relationship(s) took place; (b) the general technology involved; (c) the dates of the relationship(s); and (d) a statement of whether the relationship(s) was (or were) with a competitor of any of the parties, such that the Producing Party can reasonably assess any concerns raised by the disclosure of Protected Material to such Expert. The notice requirement in this subsection applies to each Expert, but does not apply to the employees, contractors, or assistants working under the supervision of such Expert.

Within seven (7) calendar days of receipt of the disclosure of the proposed Expert, the Producing Party or Parties may object in writing to the proposed Expert if disclosure of its Protected Material to the Expert substantially risks non-trivial competitive business or economic harm to that party (under any safeguards proposed if the Expert is allowed access).  A party objecting to disclosure of Protected Material will state with particularity the ground(s) of the objection, along with the specific categories of documents that are the subject of the objection, and the objection must describe with particularity the harm risked by the disclosure of the Protected Materials.  The objecting party will have the burden of showing to the Court good cause for preventing disclosure of its Protected Material to the Expert.

In the absence of an objection within the seven (7) day period, the Expert will be deemed approved under this Order.  If the Producing Party objects to disclosure to the Expert within the seven (7) day period, the parties will meet and confer via telephone or in person within seven (7)

21

calendar days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the party objecting to the disclosure will have seven (7) calendar days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection will be deemed withdrawn.  If relief is sought, the Protected Materials will not be disclosed to the proposed Expert in question until the objection is resolved by the Court.

Every Expert or outside consultant retained by a party for purposes of this case to whom Protected Material is disclosed will, prior to such disclosure, read this Order and will agree in writing, by signing an agreement in the form attached hereto as Exhibit A, to be bound by the terms of this Order.

### C.    Third Party Discovery.

To the extent that any discovery is taken of persons who are not parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

To the extent that discovery or testimony is taken of Third Parties, the Third Party may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

### D.      Notice of Improper Disclosure.

If any Protected Material is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure or knowledgeable of such disclosure will, immediately on discovery of that disclosure, inform the Producing Party of all facts pertinent to the disclosure and make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

### E.      Disclosure in Certain Circumstances.

Nothing in this Order will preclude a party or its attorneys from:

(a)      showing a document designated as Protected Material to an individual who prepared part or all of the document, who has previously reviewed the document under circumstances that are not a violation of this Order, or who is shown by the document to have previously received it; or

(b)      disclosing or using, in any manner or for any purpose, any information or documents from the party's own files that the party itself has designated as Protected Material; or

(c)      examining at trial or deposition any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as Protected Materials.  The showing of Protected Material to a witness or a deponent pursuant to this paragraph will not otherwise affect the status and treatment of such Protected Material.

### F.      Use of Protected Material in Depositions.

Nothing contained herein shall be construed to prejudice any party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (i) eligible to have access to the Protected

Material by virtue of his or her employment with the designating party, (ii) identified in the Protected Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party, (v) counsel for a party, including outside counsel and in-house counsel (subject to section II.A.1(e) of this Order, (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court, or (ix) other persons entitled hereunder to access to Protected Material.

Protected Material may be used during the deposition of any witness who otherwise is permitted access to such material pursuant to the terms of this Order.  With respect to all other deponents, such material may be used to examine a witness in any deposition only with the prior consent of the Producing Party (which consent will not be unreasonably withheld); in the absence of prior consent, such use may only be by Court order.  Showing Protected Material to a deponent pursuant to this paragraph will not otherwise affect the status and treatment of such Protected Material.  If a designating party withholds consent to disclose Protected Material to a deponent during a deposition, the party seeking disclosure may move the Court for an appropriate order.  The Producing Party will have the burden of demonstrating that the Protected Material is entitled to protection; the party seeking disclosure will have the burden of demonstrating the need for disclosure to the particular deponent.

### G.    Use of Protected Material in Court Proceedings.

Protected Material may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence notifies counsel for the party or person that designated the

information as Protected Material three (3) business days before such Protected Material is to be

offered in any way, including, but not limited to presented as part of a demonstrative exhibit.

Before such materials are disclosed, any party or third person may move the Court for an order

that the evidence be received *in camera* or under other conditions to prevent public disclosure.

The Court will then determine whether the proffered evidence should continue to be treated as

confidential information and, if so, what protection, if any, may be afforded to such information

at the trial or hearing.

### H.      Litigation Attorneys' Communications with Clients.

This Order will not bar or otherwise restrict any attorney of record from rendering advice

to his or her client with respect to this litigation, and referring to or relying generally upon his or

her examination of documents or information designated as Protected Material, provided,

however, that in communicating with his or her client, the attorney will not disclose the content

or source of such Protected Material contrary to the terms of this Order.

### I.      Care of Confidential Materials.

Counsel for each party will take reasonable precautions with regard to storage, custody,

and use to prevent the unauthorized or inadvertent disclosure of any Protected Material.

### J.      Destruction or Return of Confidential Materials upon Termination of This Action.

Within sixty (60) days after final termination of this Action, including any appeals, by

judgment, settlement, or otherwise, all Protected Material furnished or produced under the terms

of this Order, including all documents incorporating such information (except for materials filed

with the Court or marked as exhibits at a hearing or trial) will be destroyed or delivered to

counsel for the Producing Party, unless otherwise agreed in writing.  Counsel for the recipient(s)

will make written certification of compliance with this provision regarding return or destruction

of Protected Material and will deliver the same to counsel for the Producing Party by the sixty (60) day deadline.

Notwithstanding this provision, counsel of record may retain archival copies of all pleadings, motion papers, any documents or materials filed or used in court, exhibits offered or introduced into evidence at trial, legal memoranda, correspondence (including e-mails), or attorney work product, even if such materials contain Protected Material.  Counsel of record may also retain archival copies of deposition transcripts (including exhibits).  Counsel of record may also retain discovery requests and responses (including exhibits) produced by the party that each respective counsel of record represents, even if such materials contain Protected Materials.  Any such archival copies that contain or constitute Protected Materials remain subject to this Order. Notwithstanding the foregoing provisions, outside counsel of record may retain inaccessible copies of Protected Material, defined as electronic copies created through the routine operation of the recipient(s)østandard archival and disaster recovery procedures, which are not readily accessible and as a result do not need to be returned or destroyed.

### K.      No Waiver of Privilege.

Nothing in this Order shall require production of documents, information or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine or immunity.  If a Producing Party inadvertently discloses information that is privileged or otherwise immune from discovery, the Producing Party will, within a reasonable time from discovery of the disclosure, advise the Receiving Party in writing of the inadvertent

disclosure, request that the information be returned, and attach a privilege log entry pertaining to the documents or material that is privileged or otherwise immune from discovery.  The parties agree that no party to this Action will thereafter assert that such disclosure waived privilege or immunity.  The Receiving Party will return or destroy the inadvertently produced information and all copies within five (5) business days of the receipt of written notice by the Producing Party.  By returning such information to the Producing Party, the Receiving Party does not waive its right to challenge the Producing Party's assertion of privilege or immunity.

**III.    PROCESS.**

**A.    Filing Under Seal.**

Protected Material may be filed with the Court, but will be filed under seal in accordance with Local Rule CV-5(a)(7).  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

**B.    Use At Trial**

The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the parties from introducing any Protected Material into evidence at the trial of this Action, or from using any information contained in Protected Material at the trial of this Action, subject to any pretrial order issued by this Court.

### C.    Survival After Termination.

This Order will survive and remain in full force and effect after the termination of this

litigation.

### D.    Modification.

Nothing in this Order will limit or preclude any party from applying to the Court to

modify the terms of this Order or the status of any particular information, document, or thing, or

for relief from this Order, or for such further or additional protective orders as the Court may

deem appropriate.

### E.    Notice.

Any of the notice requirements herein may be waived, in whole or in part, but only by a

writing or e-mail by an attorney of record for the party against whom such waiver will be

effective.

### F.    No Waiver.

Nothing in this Order will be construed as an abrogation, waiver, or limitation of any

kind on the rights of each of the parties to assert a claim of privilege, work product, relevance, or

other objections to discovery requests.

### G.    Subpoenas.

If any party receives a subpoena in a separate litigation that requests production of

Protected Material produced by another party to this Action, the party receiving the subpoena

will notify the other party in writing immediately.  The party receiving the subpoena will not

produce any documents in response to the subpoena until the party whose Protected Material was

produced in this case has reasonable time to seek court protection from such production in

response to the subpoena in another case.

### H.     Compliance.

Any party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate under the circumstances.  Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order and all disputes concerning this Order will be resolved by that Court.  Every individual who receives any Protected Material agrees to subject himself or herself to the jurisdiction of that Court for the purpose of any proceedings relating to performance under, compliance with, or violation of this Order.

**So ORDERED and SIGNED this 20th day of September, 2012.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, have read the foregoing Protective Order and agree to be bound by its terms with respect to any documents marked "CONFIDENTIAL," "RESTRICTED – ATTORNEYS'EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," that are furnished to me as set forth in the Protective Order.

I further agree (a) not to disclose to anyone any document marked with any of these designations other than as set forth in the Protective Order and (b) not to make any copies of any documents marked with these designations furnished to me except in accordance with the Protective Order.

I hereby consent to the jurisdiction of the U.S. District Court for the Eastern District of Texas with regard to any proceedings to enforce the terms of the Protective Order.

I hereby agree that any documents, material, or information marked as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS'EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," that are furnished to me will be used by me only for the purposes of this Action and for no other purpose, and will not be imparted by me to any other person except in accordance with the Protective Order.

Dated: _____     By: _____
                                               (signature)