IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CASSIDIAN COMMUNICATONS, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MICRODATA GIS, INC.; MICRODATA, § <br> LLC; and TELECOMMUNICATIONS § <br> SYSTEMS, INC., § <br> § <br> Defendants. | CIVIL ACTION NO. 2:12-cv-162-JRG <br><br> JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff Cassidian Communications, Inc. ("Cassidian"), pursuant to the Court's September 17, 2012 Docket Control Order (Doc. 30), hereby respectfully submits its First Amended Complaint against microDATA GIS, Inc. ("microDATA"), adds as defendants microDATA, LLC ("microDATA, LLC") and TeleCommunications Systems, Inc. ("TCS") (collectively, the "microDATA Defendants"), and to the best of its knowledge, information, and belief, alleges:

### PARTIES

1.  Plaintiff Cassidian is a California corporation with its principal place of business at 42505 Rio Nedo in Temecula, California, 92590.

2.  Upon information and belief, Defendant microDATA is a Vermont corporation with a place of business at 1016 U.S. Route 5, St. Johnsbury, Vermont, 05819. Upon further information and belief, on or about July 6, 2012, microDATA became a wholly-owned subsidiary of TCS.

3. Upon information and belief, Defendant TCS is a Maryland corporation with a principal office at 275 West Street, Suite 400, Annapolis, Maryland 21401. On or about July 6, 2012, TCS acquired microDATA as a wholly-owned subsidiary. Upon further information and belief, TCS, in connection with its acquisition of microDATA, formed microDATA, LLC, a Maryland limited liability company with a principal office at 275 West Street, Suite 400, Annapolis, Maryland 21401.

## JURISDICTION AND VENUE

4. This is an action arising under the patent laws of the United States, Title 35, United States Code, § 100 et seq. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. The microDATA Defendants are subject to personal jurisdiction in this State. microDATA has purposefully availed itself of the privilege of conducting business activities within Texas, which activities, upon information and belief, use systems or perform methods that infringe one or more claims of a United States patent owned by Cassidian, causing injury in Texas. On or about July 6, 2012, TCS, through and/or in cooperation with microDATA, LLC, acquired all of microDATA's issued and outstanding shares of capital stock, and microDATA became a wholly-owned subsidiary of TCS. Therefore, the exercise of jurisdiction over each of the microDATA Defendants is appropriate under the applicable jurisdictional statutes and would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because the microDATA Defendants are subject to personal jurisdiction in this judicial district.

-3-

## FACTS

7. Cassidian is the sole owner of all rights, title and interest in and to United States Patent No. 6,744,858 ("the '858 patent") duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 1, 2004. The USPTO re-examined the '858 patent and issued a Reexamination Certificate on December 2, 2008. A copy of the '858 patent and its Reexamination Certificate are attached as Exhibits A and B, respectively. A copy of the USPTO assignment record for the '858 patent is attached as Exhibit C.

8. Upon information and belief, microDATA makes, uses, and sells, or offers to make, use, or sell, or otherwise provides throughout the United States and within the geographical area covered by the United States District Court for the Eastern District of Texas products and services (e.g., microDATA's The X-Solution™ equipment and systems), which use the systems and methods described by the claims of the '858 patent's Reexamination Certificate.

9. Upon information and belief, since at least 2009, microDATA has partnered with AT&T to integrate AT&T's Emergency Services Internet Protocol Networks ("ESInet") with microDATA's infringing X-Solution™ equipment and systems.

10. In 2010, the Texas Commission on State Emergency Communications ("CSEC") issued a Request for Proposal ("RFP") to acquire and implement a state-level ESInet in Texas. Upon information and belief, microDATA offered its infringing X-Solution™ equipment and systems for use in the Texas CSEC state-level ESInet in response to the RFP.

11. Upon information and belief, in 2011, when the Texas CSEC awarded a contract to AT&T to implement a state-level ESInet in Texas, microDATA sold its infringing XSolution™ equipment and systems for integrating with AT&T's state-level ESInet in Texas and interconnecting up to 120 participating Public Safety Answering Points ("PSAPs"). Upon

information and belief, participating PSAPs include PSAPs located in at least Collin, Denton, and Grayson Counties, which counties are within the Eastern District of Texas.

12. Upon information and belief, Texas's state-level ESInet is intended to serve as an ingress and egress point for emergency calls placed in Texas, including emergency calls placed from within the Eastern District of Texas. Texas's ESInet uses microDATA's infringing XSolution™ equipment and systems. Upon information and belief, because Texas's ESInet will act as a primary input point for emergency calls, its state-level Emergency Services Routing Proxy ("ESRP") and databases provided by microDATA will be the first elements in the system making PSAP routing decisions.

13. microDATA has also used and offered for sale its infringing equipment and systems elsewhere in Texas. In May 2009, microDATA demonstrated its infringing products and services at an Industry Collaboration Event ("ICE") held in College Station, Texas. In June 2009, microDATA demonstrated its infringing products and services at the National Emergency Number Association Conference and Trade Show in Fort Worth, Texas. In May 2010, microDATA demonstrated its infringing products and services at an ICE held at the AT&T Center for Learning in Irving, Texas. In April 2011, microDATA offered its infringing products and services for sale to the Central Texas Council of Governments and the Bell County Communications Center by responding to an RFP seeking Next Generation Capable 9-1-1 Equipment, and specifically including technical support and pricing information for microDATA's product offering.

14. Upon information and belief, microDATA has employed and continues to employ a Regional Account Manager that is assigned to cover the state of Texas to serve microDATA customers and partners in Texas.

15. microDATA has purposefully availed itself of the privilege of conducting activities within Texas by using and offering its X-Solution™ equipment and systems for sale in Texas and by selling its X-Solution™ equipment and systems for use in at least the Texas CSEC for implementing a state-level ESInet in Texas, including for connecting PSAPs located in the Eastern District of Texas.

16. Upon information and belief, on or about July 6, 2012, microDATA was acquired by and became a wholly-owned subsidiary of TCS. Upon further information and belief, TCS created microDATA, LLC in connection with its acquisition of microDATA.

## CLAIM FOR INFRINGEMENT OF THE '858 PATENT

17. Cassidian incorporates paragraphs 1-16 by reference as if fully set forth below.

18. The '858 patent describes a system and method for routing incoming calls through the use of a central data manager over a wide area network to multiple call centers having multiple remote terminals.

19. The microDATA Defendants had prior notice and knowledge of the '858 patent and the '858 patent's Reexamination Certificate, and continues to infringe directly, contributorily infringe, and/or actively induce the infringement of one or more claims of the '858 patent's Reexamination Certificate by using, selling, and offering for use or sale and/or by knowingly and actively encouraging use of microDATA's products and services (e.g., microDATA's The XSolution™ equipment and systems) which incorporate technology claimed in the '858 patent's Reexamination Certificate. The microDATA Defendants are offering for sale or use, or selling or using these products without license or authority from Cassidian. The claims of the '858 patent's Reexamination Certificate are either literally infringed and/or infringed under the

doctrine of equivalents.  These actions by the microDATA Defendants are in violation of 35 U.S.C. § 271.

20.     Upon information and belief, Cassidian alleges that these acts of infringement by the microDATA Defendants are willful, making this an exceptional case under 35 U.S.C. § 285.

## DAMAGES

21.     As a result of the microDATA Defendants' acts of infringement, Cassidian has suffered actual and consequential damages; however, Cassidian does not yet know the full extent of such infringement and such extent cannot be ascertained except through discovery and special accounting. To the fullest extent permitted by law, Cassidian seeks recovery of damages at least for lost profits, reasonable royalties, unjust enrichment, and benefits received by the microDATA Defendants as a result of using the misappropriated technology.  Cassidian seeks any other damages to which Cassidian would be entitled in law or in equity

22.     The microDATA Defendants' acts of infringement were committed intentionally, knowingly, and with callous disregard of Cassidian's legitimate rights.  Cassidian is therefore entitled to and now seeks to recover exemplary damages in an amount not less than the maximum amount permitted by law.

## ATTORNEYS' FEES

23.     Cassidian is entitled to recover reasonable and necessary attorneys' fees under applicable law.

## JURY DEMAND

24.     Cassidian demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER

Plaintiff Cassidian respectfully prays for judgment and seeks relief against the microDATA Defendants as follows:

a. For a judgment that one or more claims of the '858 patent has been and/or continues to be infringed by the microDATA Defendants;

b. For an accounting of all damages sustained by Cassidian as the result of the microDATA Defendants' acts of infringement;

c. For an award of damages against the microDATA Defendants under 35 U.S.C. § 284 in an amount adequate to compensate Cassidian for infringement;

d. For an award of exemplary treble damages as allowed by law;

e. For a permanent injunction;

f. For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise permitted by law;

g. For pre-judgment and post-judgment interest as allowed by law;

h. For all costs of suit;

i. For all such other relief in law or in equity to which Cassidian may show itself justly entitled or which the Court deems just and proper.

Dated:  September 26, 2012                     Respectfully submitted,

*/s/ Denise M. De Mory*
Henry C. Bunsow
California State Bar No. 60707
Denise M. De Mory
California State Bar No. 168076
Matthew F. Greinert
California State Bar No. 239492
BUNSOW, DE MORY, SMITH & ALLISON LLP

55 Francisco Street, 6th Floor
San Francisco, CA 94133
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: ddemory@bdiplaw.com
Email: mgreinert@bdiplaw.com

Elizabeth L. DeRieux
State Bar No. 05770585
S. Calvin Capshaw
State Bar No. 03783900
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Avenue
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
Email:  ederieux@capshawlaw.com
Email:  ccapshaw@capshawlaw.com
Email:  jrambin@capshawlaw.com

**Attorneys for Plaintiff
CASSIDIAN EQUIPMENT, INC**.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email and/or U.S. Mail.

Dated:  September 26, 2012

*/s/ Denise M. De Mory*
Denise M. De Mory