# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CASSIDIAN COMMUNICATIONS, INC., | |
| Plaintiff, | Civil Action No. 2:12-CV-162-JRG |
| v. | |
| MICRODATA GIS, INC., MICRODATA, LLC, and TELECOMMUNICATION SYSTEMS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND OF DEFENDANT MICRODATA GIS, INC.

Defendant microDATA GIS, Inc. ("microDATA"), by and through its attorneys, hereby submits the following answer to the allegations made by Plaintiff Cassidian Communications, Inc. ("Cassidian") in its Amended Complaint for Patent Infringement ("the Amended Complaint"). microDATA denies each and every allegation contained in the Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. microDATA denies that Cassidian is entitled to any of the relief it seeks.

## GENERAL DENIAL

Except as expressly admitted herein, microDATA denies each and every allegation in the Amended Complaint. microDATA specifically denies any infringement or wrongdoing.

## THE PARTIES

1. microDATA lacks sufficient knowledge to respond to the allegation of Paragraph 1, and on that basis denies the allegation.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. microDATA admits that this action purports to arise under Title 35 of the United States Code but microDATA denies any and all allegations by Cassidian that microDATA or any of its customers have committed any act of infringement relating to any patent asserted in the Amended Complaint. microDATA admits that, based on the allegations in the Amended Complaint, this Court has subject matter jurisdiction over this action.

5. microDATA admits that it makes its products and services available for use in the State of Texas. microDATA also admits that on July 6, 2012, TeleCommunication Systems, Inc. ("TCS"), through microDATA, LLC, acquired all of microDATA's issued and outstanding shares of capital stock, and microDATA became a wholly-owned subsidiary of TCS. microDATA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, for this reason, microDATA denies the remaining allegations in Paragraph 5. microDATA specifically denies any infringement or wrongdoing.

6. microDATA denies that based on the allegations in the Amended Complaint, venue is proper under 28 U.S.C. §§ 1391 and 1400. microDATA denies all other allegations of Paragraph 6.

## FACTS

7. microDATA admits that a document purporting to be United States Patent Number 6,744,858 ("the '858 patent"), was attached to the Amended Complaint as Exhibit A, a

document purporting to be a Reexamination Certificate for the '858 patent was attached as Exhibit B, and a document purporting to be an assignment record was attached at Exhibit C. microDATA lacks sufficient information to form a belief as to the remaining allegations in Paragraph 7 and therefore denies the remaining allegations.

8. microDATA denies the allegations in Paragraph 8.

9. microDATA admits that it has been working with AT&T since at least 2009 to make microDATA's products available for AT&T ESInet projects. microDATA specifically denies any infringement or wrongdoing.

10. microDATA admits that, in 2010, the Texas Commission on State Emergency Communications ("CSEC") issued a Request for Proposal ("RFP") relating to a state level ESInet in Texas. microDATA also admits that it provided information regarding its products to AT&T for purposes of AT&T responding to the RFP from CSEC. microDATA denies the remaining allegations in Paragraph 10. microDATA specifically denies any infringement or wrongdoing.

11. microDATA denies the allegations in Paragraph 11. microDATA specifically denies any infringement or wrongdoing.

12. microDATA denies the allegations in Paragraph 12.

13. microDATA admits it conducted interoperability testing at a May 2009 Industry Collaboration Event ("ICE") in College Station, Texas. microDATA admits it attended a June 2009 National Emergency Number Association Conference and Trade Show in Fort Worth, Texas. microDATA admits it conducted interoperability testing at a May 2010 ICE event in Irving, Texas. microDATA admits it responded to an RFP from the Central Texas Council of

Governments and the Bell County Communications Center in April 2011. microDATA specifically denies any infringement or wrongdoing.

14.  microDATA admits it employs a Regional Account Manager assigned to cover Oklahoma, Arkansas, Nebraska, Missouri and Texas.

15.  microDATA denies the allegations in Paragraph 15.

16.  Admitted.

## CLAIM FOR INFRINGEMENT OF THE '858 PATENT

17.  microDATA incorporates by reference each response contained in Paragraphs 1 through 16 of this Answer as though fully set forth. To the extent Paragraph 17 of the Amended Complaint is construed to contain any additional allegations, microDATA denies such allegations. Specifically microDATA denies that it has infringed any claims of the '858 patent in any way.

18.  microDATA states that the '858 patent is a document that speaks for itself. To the extent a response is required, microDATA denies the allegations in Paragraph 18.

19.  microDATA admits it received a letter from Cassidian dated November 24, 2010, informing microDATA of the '858 patent and the '858 patent's Reexamination Certificate. microDATA denies the remaining allegations in Paragraph 19.

20.  microDATA denies that it infringes any claim of the '858 patent, willfully or otherwise.

## DAMAGES

21.  Cassidian is not entitled to any damages.

22.  microDATA denies the allegations in Paragraph 22.

## ATTORNEYS' FEES

23.  microDATA denies the allegations in Paragraph 23.

## JURY DEMAND

24. Admitted that Cassidian demands a trial by jury.

## PRAYER FOR RELIEF

These paragraphs set forth Cassidian's statement of relief to which no response is required. To the extent a response is required, microDATA denies that Cassidian is entitled to any of the requested relief and denies any such allegations.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, microDATA asserts the following defenses, which are based upon an investigation that is not complete and prior to the results of any discovery from Plaintiff. microDATA's investigation of its defenses is continuing, and microDATA reserves the right to assert all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

1. microDATA has not infringed, either directly, contributorily, or by inducement, any claim of the '858 patent, either literally or under the doctrine of equivalents.

2. The claims of the '858 patent are invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112 thereof.

3. microDATA has not willfully infringed, either directly or indirectly, any valid or enforceable claim of the '858 patent.

4. On information and belief, by reason of prior art and the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that led to

the issuance of the '858 patent and the Reexamination Certificate, including without limitation, amendments, representations, concessions, and admission made by or on behalf of the applicant, Cassidian is estopped from asserting that the claims of the '858 patent cover and include the devices, methods, or acts of microDATA under the doctrine of equivalents.

5.    Under 35 U.S.C. §§ 252 & 307, microDATA cannot be liable and Cassidian is barred from recovering any damages for any systems microDATA or its predecessors made, sold, offered to sell, or used prior to December 2, 2008 (the date the USPTO issued the Reexamination Certificate for the '858 patent) because the claims in the Reexamination Certificate were substantially changed from the originally issued claims of the '858 patent.

6.    The claims of the '858 patent are invalid for failure to name all of the correct inventors as set forth in 35 U.S.C. § 102(f).

7.    By virtue of the failure to name all of the correct inventors under 35 U.S.C. § 102(f), Cassidian lacks standing to bring this action.

8.    Cassidian's claims for damages are barred, in whole or in part, by 35 U.S.C. §§ 286-287.

9.    Cassidian is not entitled to increased damages pursuant to 35 U.S.C. § 284.

10.   Cassidian is not entitled to attorney's fees, costs or expenses.

11.   Cassidian's claims for injunctive relief are barred, in whole or in part, because it has, at a minimum, not suffered any irreparable harm as a result of microDATA's alleged infringement of the '858 patent.

12.   Cassidian's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, acquiescence, and any other applicable equitable doctrine.

13. microDATA reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant and Counterclaimant microDATA brings these counterclaims seeking declaratory judgment of noninfringement and invalidity of the '858 patent against Plaintiff and Counter-defendant Cassidian and demands a jury trial on all issues so triable, and alleges as follows:

## PARTIES

1. microDATA is a corporation organized and existing under the laws of the State of Vermont, with its principal place of business at 1016 U.S. Route 5, St. Johnsbury, Vermont 05819.

2. Upon information and belief and according to the Amended Complaint, Cassidian is a California corporation with its principal place of business at 42505 Rio Nedo in Temecula, California 92590.

## JURISDICTION AND VENUE

3. This counterclaim arises under the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and by way of Cassidian's commencement of the present action, the Court has personal jurisdiction over Cassidian.

4.     To the extent venue is found to be proper for the allegations in the Amended Complaint, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b), and because Cassidian commenced the present action in this District.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '858 PATENT

5.     The allegations of Paragraphs 1 through 4 are incorporated by reference into Count I as though fully set forth therein.

6.     An actual and justiciable controversy exists between microDATA and Cassidian regarding the alleged infringement of the '858 patent, as evidenced by Cassidian's allegations in the Amended Complaint and microDATA's Answer to the Amended Complaint, as set forth above.

7.     microDATA does not infringe and has not infringed (either directly or indirectly) any claim of the '858 patent.

8.     microDATA seeks a declaration from the Court that it does not infringe any claim of the '858 patent.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '858 PATENT

9.     The allegations of Paragraphs 1 through 4 are incorporated by reference into Count II as though fully set forth therein.

10.     An actual and justiciable controversy exists between microDATA and Cassidian regarding the validity of the '858 patent, as evidenced by Cassidian's allegations in the Amended Complaint and microDATA's Answer to the Amended Complaint, as set forth above.

11.     The '858 patent is invalid at least for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. microDATA seeks a declaration from the Court that each claim of the '858 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, microDATA respectfully requests that the Court enter Judgment and Order against Cassidian as follows:

a) Dismissing with prejudice Cassidian's Amended Complaint and all claims asserted therein against microDATA;

b) Declaring that the '858 patent is not infringed by microDATA, directly or indirectly;

c) Declaring that the '858 patent is invalid;

d) Entering an award to microDATA of its attorneys' fees and expenses under 35 U.S.C. § 285;

e) Entering an award to microDATA of costs incurred; and

f) Granting microDATA such other relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), microDATA demands a trial by jury on all issues so triable.

DATED:  October 11, 2012                    Respectfully submitted,

*/s/ J. Thad Heartfield*
Edward A. Pennington
Siddhesh V. Pandit
Stephanie D. Scruggs
Timothy J. Murphy
Murphy & King, PC
1055 Thomas Jefferson Street, NW
Suite 400
Washington, DC 20007
Tel: 202/403-2101
Fax: 202/429-4380
Email: eap@murphyking.com
Email: svp@murphyking.com
Email: sds@murphyking.com
Email: tjm@murphyking.com

J. Thad Heartfield
M. Dru Montgomery
The Heartfield Law Firm
2195 Dowlen Rd
Beaumont, TX 77706
Tel: 409/866-3318
Fax: 409/866-5789
Email: thad@jth-law.com
Email: dru@jth-law.com

*Attorneys for Defendant
microDATA GIS, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 11th day of October, 2012.  Any other counsel of record will be served by first class mail.

                                                */s/  J. Thad Heartfield*_____
                                                J. Thad Heartfield