# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CASSIDIAN COMMUNICATIONS, INC., <br><br> PLAINTIFF, <br><br> V. <br><br> MICRODATA GIS, INC., MICRODATA, LLC, AND TELECOMMUNICATION SYSTEMS, INC., <br><br> DEFENDANTS. | CIVIL ACTION NO. 2:12-CV-162-JRG <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF CASSIDIAN COMMUNICATIONS, INC.'S MOTIONS IN LIMINE

## TABLE OF CONTENTS

    **Page**

I. Cassidian's Motion in Limine No. 1 ............................................................................. 1

II. Cassidian's Motion in Limine No. 2 ............................................................................ 1

III. Cassidian's Motion in Limine No. 3 ........................................................................... 2

IV. Cassidian's Motion in Limine No. 4 .......................................................................... 3

V. Cassidian's Motion in Limine No. 5 ............................................................................ 4

VI. Cassidian's Motion in Limine No. 6 .......................................................................... 6

    A. Background ............................................................................................. 7

    B. Argument ................................................................................................. 9

        1. Defendants Violated Discovery Rules ........................................... 9

        2. Defendants Should be Precluded from Relying Upon The Information They Did Not Provide Cassidian ................................................................................. 10

VII. Cassidian's Motion in Limine No. 7 ....................................................................... 11

# TABLE OF AUTHORITIES

Page

**Cases**

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
   410 F.3d 701 (Fed. Cir. 2005) ...................................................................................2

*Amphenol T&M Antennas v. Centurion Int'l, Inc.*,
   Case No. 00-cv-4298, 2002 U.S. Dist. LEXIS 822 (N.D. Ill. 2002) ......................3

*Atmel Corp. v. Information Storage*,
   Case No. C95-1987, U.S. Dist. LEXIS 20686 (N.D. Cal. Sept. 28, 1999)..............2

*BorgWarner, Inc. v. Honeywell Int'l, Inc.*,
   750 F. Supp. 2d 596 (W.D.N.C. 2010) ...................................................................6

*Boston Sci. Corp. v. Cordis Corp.*,
   Case. No. 10-cv-315, 2011 U.S. Dist. LEXIS 46210 (D. Del. 2011) ......................3

*Callaway Golf Co. v. Acushnet Co.*,
   576 F.3d 1331 (Fed. Cir. 2009) ...............................................................................3

*Cardiovention, Inc. v. Medtronic, Inc.*,
   483 F. Supp. 2d 830 (D. Minn. 2007)......................................................................3

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)...............................................................................................10

*Gen. Elec. Co. v. Wilkins*,
   Case No. 10-cv-00674, 2012 U.S. Dist. LEXIS 157763, 12 (E.D. Cal.
   Nov. 2, 2012) ...........................................................................................................6

*Juniper Networks, Inc. v. Toshiba America, Inc.*,
   2007 U.S. Dist. LEXIS 50096 (E.D. Tex. July 11, 2007, 05-cv-479) ..................11

*Microsoft Corp. v. i4i Ltd. P'ship*,
   131 S. Ct. 2238 (U.S. 2011)................................................................................2, 3

*Nutrition 21 v. United States*,
   930 F.2d 867 (Fed. Cir.) ..........................................................................................4

*Realtime Data, LLC v. Packeteer, Inc.*,
   No. 6:08- cv-144-LED-JDL, (E.D. Tex. Dec. 30, 2009) .........................................3

*Safco Prods. Co. v. Welcom Prods.*,
   799 F. Supp. 2d 967 (D. Minn. 2011).....................................................................4

*Sigram Schindler Beteiligungsgesellschaft mbH v. Cisco Sys., Inc.*,
   726 F. Supp. 2d 396 (D. Del. 2010)..................................................................................3

*SRI Int'l Inc. v. Internet Sec. Sys.*,
   Case No. 04-cv-1199, 2011 U.S. Dist. LEXIS 125550 (D. Del. 2011) ..................................3

*Tesco Corp. v. Weatherford Int'l, Inc.*,
   750 F. Supp. 2d 780 (S.D. Tex. 2010) ................................................................................3

*Univ. of Pittsburgh v. Hedrick*,
   573 F.3d 1290 (Fed. Cir. 2009) ..........................................................................................4

*Vaxiion Therapeutics, Inc. v. Foley & Lardner, LLP*,
   Case No. 07-cv-280, 2008 U.S. Dist. LEXIS 51171 (S.D. Cal. July 2,
   2008) .................................................................................................................................2

*Voda v. Cordis Corp.*, 506 F. Supp. 2d 868, 881 (W.D. Okla. 2007).......................................2, 6

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ............................................................................................2

**Statutes**

35 U.S.C. § 102(f).................................................................................................................4, 5, 6

**Rules**

Federal Rule of Civil Procedure 26 (e)(1)(A)..............................................................................7

Federal Rule of Civil Procedure 26(a)(2)(A).............................................................................11

Federal Rule of Civl Procedure 26(a)(1)(A)(ii). .........................................................................7

Federal Rules of Civil Procedure 26 ...........................................................................1, 5, 6, 10

Federal Rules of Civil Procedure 26(a) .......................................................................................1

Federal Rules of Civil Procedure 26(a)(2)(B) .............................................................................1

Federal Rules of Civil Procedure 26(e) .......................................................................................1

Federal Rules of Civil Procedure 37 ...............................................................................1, 5, 10

Federal Rules of Civil Procedure 37(c)(1).........................................................................1, 6, 7

Federal Rules of Evidence 402 .........................................................................................1, 2, 3

Federal Rules of Evidence 403 ......................................................................................1, 2, 3, 4

Federal Rules of Evidence 701(c) ............................................................................................. 11

Federal Rules of Evidence 702 ....................................................................................... 5, 6, 11

## I. Cassidian's Motion *in Limine* No. 1

Plaintiff Cassidian Communications, Inc. ("Cassidian") respectfully requests, pursuant to Federal Rules of Evidence ("FRE") 402 and 403, that the Court preclude defendants microDATA GIS, Inc., microDATA, LLC, and TeleCommunication Systems, Inc. (collectively, "Defendants") from offering any evidence or argument related to the parties' pre-trial motions, hearings and discovery-related disputes on the grounds that such evidence is irrelevant and offers no probative value, would be unfairly prejudicial and would confuse the jury. Any reference to any correspondence, discussion, statements, disagreements, or negotiations between counsel in this case should similarly be excluded because they have no bearing on the issues in this case or on the rights of the parties to this suit and are inherently and incurably prejudicial.[1]

Cassidian respectfully requests that this motion be granted, requiring Defendants to approach the bench prior to addressing, directly or indirectly, the matters set forth above such that these issues may be discussed with and resolved by the Court outside the hearing of the jury.

## II. Cassidian's Motion *in Limine* No. 2

Plaintiff Cassidian respectfully requests, pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 37 that the Court preclude Defendants' experts Dr. Alon Konchitsky and Mr. Mark Gallagher, to the extent either is allowed to testify at all, from offering any direct testimony that is not contained within the four corners of their respective reports. Rule 26(a)(2)(B) requires that an expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore." According to FRCP 37(c)(1), a party in violation of FRCP 26(a) or (e) "is not, unless such failure [to disclose information] is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Thus, Cassidian respectfully requests a Court order precluding Defendants' experts at trial from

---

[1] Fed. R. Evid. 402 and 403.

providing any direct testimony as to opinions, and any facts or evidence in support of those opinions, which are not expressly included in their reports.[2]

**III.    Cassidian's Motion *in Limine* No. 3**

Plaintiff Cassidian respectfully requests, pursuant to FRE 402 and 403, that the Court preclude Defendants from offering any evidence or argument related to the pending reexamination of the patent-in-suit, U.S. Patent No. 6,744,858 (the "'858 Patent"). The reexamination is ongoing and the rejections of the claims by the United States Patent and Trademark Office ("PTO") are not final. Thus, the reexamination proceeding is not relevant, is not probative of any issue in the litigation, including infringement and validity, and has a high likelihood of confusing or misleading the jury.

The '858 Patent issued on June 1, 2004. On July 24, 2013, the PTO initiated a second reexamination of the '858 Patent, control no. 90/012,897, based upon a request for reexamination filed by Defendants. On October 23, 2013, the examiner issued a non-final office action rejecting all of the claims of the '858 Patent. The patentee has not yet responded to the latest office action.

The '858 Patent is entitled to and must be afforded a presumption of validity in litigation.[3] Evidence or arguments regarding non-final rejections of the claims by the reexamination examiner at the PTO would be highly prejudicial to Cassidian, as the jury is likely to assign undue weight to the examiner's preliminary opinion regarding the patent's validity. Due to the examiner's position, the jury may inappropriately discard or ignore the '858 Patent's presumed validity. Though evidence regarding reexaminations may be marginally probative,

---

[2] *See e.g., Voda v. Cordis Corp.*, 506 F. Supp. 2d 868, 881 (W.D. Okla. 2007) (limiting expert's testimony to opinions disclosed in expert report was not in error); *Vaxiion Therapeutics, Inc. v. Foley & Lardner, LLP*, Case No. 07-cv-280, 2008 U.S. Dist. LEXIS 51171, at * 9 (S.D. Cal. July 2, 2008); *Atmel Corp. v. Information Storage*, Case No. C95-1987, U.S. Dist. LEXIS 20686, at * 16 (N.D. Cal. Sept. 28, 1999); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 713 (Fed. Cir. 2005); *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)("Not only do we believe that the violation of Rule 26 is clearly established but we also believe that the district court acted well within its discretion when it decided to impose the sanction of precluding the witnesses from testifying.").
[3] *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (U.S. 2011).

courts, including in this District, routinely exclude it from trial due to its highly prejudicial effect.[4]

The '858 Patent was also previously subject to a reexamination proceeding in the PTO. In the first reexamination proceeding, a non-final office action issued, but the patentee never provided a response. Instead, the patentee filed a re-issue application, which was granted, and both the reexamination and reissue proceeding were terminated. Amended claims were reissued pursuant to the granted re-issue application. The existence of the first reexamination and the resulting initial office action should be excluded for the reasons set forth above, because it is of no relevance and would be highly prejudicial to Cassidian.

Cassidian respectfully requests that this motion be granted, and the Court order that Defendants are precluded from making any reference to either reexamination request concerning the '858 Patent in the presence of the jury.

## IV. Cassidian's Motion *in Limine* No. 4

Cassidian respectfully requests, pursuant to FRE 402 and 403, that the Court issue an order precluding Defendants, including its witnesses and attorneys, from testifying, making statements or questioning witnesses in a way that suggests or implies that PTO examiners did not devote adequate time to the review of the '858 Patent, have limited time in which to do their jobs, are incompetent or otherwise unable to properly do their jobs, or did not properly do their

---

[4] *See e.g. Callaway Golf Co. v. Acushnet Co.,* 576 F.3d 1331, 1343 (Fed. Cir. 2009) ("The district court did not abuse its discretion in concluding that the prejudicial nature of evidence concerning the ongoing parallel re-examination proceeding outweighed whatever marginal probative or corrective value it might have had in this case."); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08- cv-144-LED-JDL, (E.D. Tex. Dec. 30, 2009), ECF No. 805 at 3, citing *i4i v. Microsoft Corp.*, No. 6:07cv113, 2009 WL 2449024, at *17 (E.D. Tex. Aug. 11, 2009) ("even if a reexamination proceeding is somewhat probative of invalidity, the probative value of this evidence is 'substantially outweighed by its prejudicial effect.'"); *Boston Sci. Corp. v. Cordis Corp.*, Case. No. 10-cv-315, 2011 U.S. Dist. LEXIS 46210 (D. Del. 2011); *Sigram Schindler Beteiligungsgesellschaft mbH v. Cisco Sys., Inc.,* 726 F. Supp. 2d 396, 415 n.31 (D. Del. 2010) ("Rejections on reexamination are not binding, and such evidence is almost always more prejudicial than probative."); *SRI Int'l Inc. v. Internet Sec. Sys.,* Case No. 04-cv-1199, 2011 U.S. Dist. LEXIS 125550 (D. Del. 2011); *Tesco Corp. v. Weatherford Int'l, Inc.,* 750 F. Supp. 2d 780, 794 (S.D. Tex. 2010), ("even if there were some marginal probative value, it is outweighed by the risk of prejudice and confusion due to the improper weight likely to be given to the PTO examiner's conclusions."); *Cardiovention, Inc. v. Medtronic, Inc.,* 483 F. Supp. 2d 830, 843 (D. Minn. 2007); *Amphenol T&M Antennas v. Centurion Int'l, Inc.,* Case No. 00-cv-4298, 2002 U.S. Dist. LEXIS 822, at *5-6 (N.D. Ill. 2002).

job for any other reason, unless directly supported by witness testimony or documentary evidence. Any such statements or questions would be improper due to the danger of unfair prejudice, confusion of the issues, or risk of misleading the jury by wrongly implying that the examiners at the PTO did not do their jobs properly when they allowed the '858 Patent to issue initially or during any later reexamination.[5] The issued '858 Patent is entitled to a presumption of administrative correctness and Defendants have not provided any qualified expert opinion regarding the PTO's administrative processes and resulting decisions; rumor, innuendo and/or speculation should not be permitted as a substitute.

**V.    Cassidian's Motion *in Limine* No. 5**

Plaintiff Cassidian respectfully requests that the Court issue an order precluding Defendants' alleged technical expert Dr. Alon Konchitsky from offering any opinions or testimony as to inventorship of the '858 Patent or alleged invalidity of the '858 Patent pursuant to 35 U.S.C. § 102(f). Inventorship is a question of law.[6] Thus, any expert opinion on the ultimate question is inappropriate and should not be allowed at trial in this case.[7] Moreover, because Dr. Konchitsky's expert report refers to the deposition testimony of Mr. William Ronnie Whitehurst ("Whitehurst") taken in a different case solely with respect to the question of inventorship, Dr. Konchitsky should be precluded from testifying about or alluding to the deposition of Whitehurst entirely.[8]

Federal Rule of Evidence 702 provides that expert witnesses "may testify in the form of an opinion or otherwise" only if four conditions are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

---

[5] Fed. R. Evid. 403.
[6] *Safco Prods. Co. v. Welcom Prods.*, 799 F. Supp. 2d 967, 978 (D. Minn. 2011), citing *Univ. of Pittsburgh v. Hedrick*, 573 F.3d 1290, 1297 (Fed. Cir. 2009)).
[7] *Safco*, 799 F. Supp. 2d at 997-998, citing *Nutrition 21 v. United States*, 930 F.2d 867, 871 n.2 (Fed. Cir.) ("there is little, if any, role for expert testimony regarding legal issues in patent actions").
[8] Defendants served a subpoena for deposition testimony on Mr. Whitehurst in this case, but failed to take his deposition. Thus, Defendants specifically chose not to attempt to elicit potentially admissible evidence from him in this case.

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.[9]

Further, FRCP 26(a)(2)(B) requires that an expert's report "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore." According to FRCP 37(c)(1), a party in violation of Rule 26(a) or (e) "is not, unless such failure [to disclose information] is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed."

Pursuant to the case law and these Rules, Dr. Konchitsky should be precluded from offering any opinion about inventorship and should also be precluded from offering any testimony about the Whitehurst deposition. The portion of Dr. Konchitsky's expert report that addresses inventorship fails to meet at least two conditions of FRE 702: that (a) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue" and that (c) "the testimony is the product of reliable principles and methods." Dr. Konchitsky's report recites only excerpts from Whitehurst's deposition transcript, but offers no opinions about that testimony. Dr. Konchitsky uses the word "opinion" only once in his analysis of inventorship, and that is in reaching his improper ultimate legal conclusion in the introductory paragraph of his inventorship analysis:

> 188. It is my opinion that, based on deposition testimony by Mr. William Ronnie Whitehurst ("Whitehurst"), one or more asserted claims are invalid under 35 U.S.C. § 102(f) based on the inventorship of the claimed subject matter by Mr. Whitehurst, who is not named as an inventor on the '858 patent.[10]

But Dr. Konchitsky is not permitted to testify as to the ultimate legal conclusion as to whether, as a purely legal matter, Whitehurst should or should not have been a named inventor of the '858

---

[9] Fed. R. Evid. 702.
[10] *See* Dkt. No. 94, Ex. 1 at ¶ 188.

Patent.[11] And while it is true that experts may testify as to the underlying facts, expert testimony must still meet the standards of FRE 702 and the disclosure requirements of FRCP 26(a)(2)(B). Dr. Konchitsky's report concerning Whitehurst does neither. Expert "opinion testimony" in the form of quoted deposition testimony will not be helpful to the jury, nor is it based on reliable principles and methods.[12] Additionally, because Dr. Konchitsky's expert report contains no opinions or analysis as to the Whitehurst testimony other than simply reciting his improper opinion as to the ultimate legal question, Dr. Konchitsky should be precluded from offering any opinion or testimony about the Whitehurst deposition at trial because no such opinions were disclosed in his expert report.[13] Thus, pursuant to FCRP 37 and the law, Cassidian respectfully requests the Court to issue an order precluding Dr. Konchitsky from providing any direct testimony as to the Whitehurst deposition and § 102(f).[14]

## VI.    Cassidian's Motion *in Limine* No. 6

Plaintiff Cassidian respectfully requests, pursuant to FRCP 26(a)(1)(A)(ii), 26(e)(1)(A), and 37(c)(1), that the Court issue an order precluding Dr. Konchitsky from relying on, discussing, alluding to or offering any opinions or testimony regarding his "understanding" of the accused software based on his recent access to an operational, compiled version of Defendants' software, provided via demonstrations by Defendants' employees, that were not made available to Cassidian. Defendants should similarly be precluded from introducing any evidence of or argument based on Dr. Konchitsky's "understanding" of operational versions of the accused software not produced to Cassidian.

---

[11] *Gen. Elec. Co. v. Wilkins*, Case No. 10-cv-00674, 2012 U.S. Dist. LEXIS 157763, at *12-13 (E.D. Cal. Nov. 2, 2012) ("With respect to improper legal conclusions, an expert may testify on the underlying facts that relate to inventorship (i.e., whether [he] made certain inventive contributions), but the expert may not explicitly opine whether, as a purely legal matter, [he] should or should not be named an inventor….."))

[12] *See BorgWarner, Inc. v. Honeywell Int'l, Inc.*, 750 F. Supp. 2d 596, 615-16 (W.D.N.C. 2010) (excluding expert testimony on the ultimate question of inventorship based on the testimony of one of the named inventors because "his conclusions regarding the ultimate legal issue of inventorship would not serve to assist the trier of fact").

[13] To the extent Defendants argue Cassidian's expert Mr. Stillerman relied upon the same materials, Mr. Stillerman is a rebuttal witness and he did no need to for any of his opinions but for Dr. Konchitsky first raising the issue. *See* Dkt. No. 109 at 5.

[14] Fed. R. Civ. P. 37(c)(1); *see also, e.g., Voda*, 506 F. Supp. 2d at 881 (limiting expert's testimony to opinions disclosed in expert report was not in error).

The Federal Rules of Civil Procedure provide that a party must disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."[15] Parties are further required to supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[16] Failure to comply with these rules results in a party's inability "to use that [non-disclosed] information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[17]

**A.     Background**

Cassidian accuses Defendants of infringing the '858 Patent's claims. The Accused Instrumentalities make use of software to accomplish certain features claimed by the '858 Patent. Defendants did not produce compiled or executable code, any tools or data necessary to compile or execute the code, a fully operational version of Defendants' software products, or Defendants' databases, or portions thereof, necessary to create a "live" environment like those of Defendants' customers employing Defendants' systems.[18] For example, Defendants did not provide any source code or data related to their databases.[19] microDATA's databases are created in Microsoft SQL Server but microDATA did not produce SQL Server configuration code for its databases.[20] Likewise, TCS did not produce its Database Management Software.[21]

---

[15] Fed. R. Civ. P 26(a)(1)(A)(ii).
[16] Fed. R. Civ. P 26 (e)(1)(A).
[17] Fed. R. Civ. P. 37(c)(1).
[18] Declaration of Tim A. Williams, Ph.D. In Support of Cassidian's Motion In Limine No. 6 ("Williams Decl."), ¶4.
[19] *Id*. at ¶6.
[20] *Id*. at ¶¶3, 6.
[21] *Id*. at ¶6.

Additionally, even if Defendants produced their respective database software, provisioned data would be required to "run" the system.[22] Defendants' produced no such data.[23]

Instead, Defendants produced documents and source code to Cassidian, which Cassidian understood to evidence the "structure, function and operation" of the Accused Instrumentalities, in accordance with Defendants' Patent Local Rules obligations. Cassidian based its infringement case on these materials. Now, however, Defendants apparently intend to argue, based on Dr. Konchitsky's "understanding," that some operational version of the software does not operate in accord with the documents and code Defendants produced.

Indeed, Defendants' expert Dr. Konchitsky's report on infringement issues ("Konchitsky Infringement Report")[24] does not rely on the source code or other documents Defendants produced to Cassidian. Instead, Dr. Konchitsky relies primarily on demonstrations of Defendants' software that Defendants did not make available to Cassidian to form his otherwise unsupported "understandings" underlying most of his opinions. On September 24, 2013, Dr. Konchitsky was deposed.[25] Dr. Konchitsky testified that he was provided access to an operational version of the accused microDATA software and was able to observe its actual runtime operation.[26] This was accomplished via a remote connection to microDATA employee Jason Heinrich's computer, which permitted Dr. Konchitsky to view what Mr. Heinrich was viewing on his computer while the computer remained under Mr. Heinrich's control.[27] This viewing method did not provide Dr. Konchitsky the ability to independently review what he was shown.[28] Similarly, Dr. Konchitsky reviewed a compiled version of the source code for the TCS software accused of infringement in this litigation.[29] Dr. Konchitsky was unaware whether the code he was guided through by Defendants' employees was the code actually used in the

---

[22] *Id*. at ¶8.
[23] *Id*.
[24] Dkt. No. 94, Ex. 2.
[25] *See* Exhibit 1.
[26] *Id.* at 19-21, 55-58.
[27] *Id*. at 55-58.
[28] *Id*. at 19-21, 25-26, 62-63.
[29] *Id.* at 87-88.

Accused Instrumentalities.[30] Cassidian does not know what Dr. Konchitsky was shown. Cassidian also was not provided with any compiled code or the ability to run it in a "live" environment like Dr. Konchitsky was shown. In his Infringement Report, Dr. Konchitsky renders numerous opinions concerning Defendants' software based on his "understanding" alone.[31] Because Dr. Konchitsky points to no other documentary or testimonial evidence to support his "understandings," they appear to have been established as a result of the live demonstrations of Defendants' running systems he was shown.

### B. Argument

#### 1. Defendants Violated Discovery Rules

Defendants rely upon evidence of the "live" interaction of the Accused Instrumentalities' software with Defendants' partitioned databases in the Konchitsky Infringement Report to attempt to avoid infringement. Thus, it is beyond reasonable dispute that the details and functionality of Defendants' software in a "live" environment are relevant to the claims and defenses in this case. Notwithstanding the significance of this evidence, Defendants did not make the same evidence Dr. Konchitsky relies on available to Cassidian during discovery in violation of the Federal Rules of Civil Procedure.

Cassidian is severely prejudiced by Defendants' violations. Dr. Konchitsky's Infringement Report does not identify any code corresponding to the demonstrations he saw or any details of what he reviewed in relation to them. Accordingly, Cassidian has no way to verify that Dr. Konchitsky's observations accurately reflect the true operation and functionality of the systems he observed. Dr. Konchitsky also could not verify what he was shown given he had no opportunity to independently review the running systems.[32] Indeed, Dr. Konchitsky testified that he lacks personal knowledge of whether the compiled code that he reviewed with

---

[30] *Id.* at 57-59, 88-89.
[31] Dkt. No. 94, Ex. 2 at ¶¶ 78-80, 144-151, 257-261.
[32] Exhibit 1 at 19-21, 25-26, 62-63.

Defendants' employees is actually representative of the Accused Instrumentalities.[33] Furthermore, it may now be impossible to accurately reconstruct what was shown to Dr. Konchitsky for purposes of Infringement Report. Thus, Cassidian has no way to verify or challenge whether Dr. Konchitsky's opinions are even based on relevant software. Accordingly, Cassidian's ability to properly prepare for trial and effectively cross-examine Dr. Konchitsky has been severely undermined by Defendants' violations. Moreover, to the extent Dr. Konchitsky's observations of the systems are inaccurate his opinions are unreliable given they are premised on insufficient or inaccurate facts and they should be excluded.[34]

### 2. Defendants Should be Precluded from Relying Upon The Information They Did Not Provide Cassidian

Under FRCP 37(c)(1), the Court can prohibit a party that fails to comply with FRCP 26(a) from introducing information that was not properly disclosed in the litigation. The rationale for the preclusion is obvious – the opposing party is unfairly surprised by the introduction of the information and is not able to effectively challenge the veracity of it. This is exactly what Defendants are attempting to do here. Defendants should therefore be precluded from introducing or relying upon every one of Dr. Konchitsky's opinions expressed in his Infringement Report that is not supported by citation to documentary or testimonial evidence.

An expert should not be permitted to testify based upon documents and other information that have not been produced.[35] Cassidian does not have the ability to effectively challenge opinions based solely on Dr. Konchitsky's "understandings" gained from his employee-guided source code tours. Dr. Konchitsky was improperly shown materials that were not provided to Cassidian during discovery. It is impossible to conduct an *ex post facto* analysis to segregate what Dr. Konchitsky properly relied upon from what was improperly relied upon given the

---

[33] *Id*. at 57-59, 88-89.
[34] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-97 (1993); *Paz v. Brush Engineered Materials Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).
[35] Fed. R. Civ. P. 37.

scarcity of evidence in his Infringement Report and the absence of any evidence related to the live demonstrations he was shown. Thus, Cassidian suggests that the best reasonable option is for the Court to issue an order precluding Defendants from relying upon any of the information it has not disclosed by excluding all of Dr. Konchitsky's opinions based on his "understandings" and supported by no other documentary or testimonial evidence in his Infringement Report. That result is just and fair, directly related to Defendants' violations, and narrowly tailored to Defendants' actions.[36]

## VII. Cassidian's Motion *in Limine* No. 7

Cassidian anticipates that Defendants may attempt to introduce improper expert testimony by its technical employee witnesses, including without limitation Jason Heinrich and Thomas Ginter, with respect to their argument that their products allegedly do not infringe the '858 Patent. Federal Rule of Civil Procedure 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Defendants have not identified Jason Heinrich, Thomas Ginter, or any of Defendants other technical employee witnesses, as witnesses that may present expert opinions pursuant to FRE 702, and thus as lay witnesses, any opinion testimony they may provide at trial must "(c) not [be] based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[37] Thus, Cassidian respectfully requests the Court to issue an order precluding any of Defendants' employees providing any expert testimony concerning Defendants' accused products.

---

[36] *See Juniper Networks, Inc. v. Toshiba Am., Inc.*, 05-cv-479, 2007 U.S. Dist. LEXIS 50096 (E.D. Tex. July 11, 2007) (precluding Defendant from offering non-infringement opinion for willful failure to produce relevant source code contrary to discovery order).

[37] Fed. R. Evid. 701(c).

Dated:  October 28, 2013                                    Respectfully submitted,

                                                                         */s/  Denise De Mory*
Henry C. Bunsow
California State Bar No. 60707
Denise M. De Mory
California State Bar No. 168076
Matthew F. Greinert
California State Bar No. 239492
BUNSOW, DE MORY, SMITH & ALLISON LLP
55 Francisco Street, 6th Floor
San Francisco, CA 94133
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: ddemory@bdiplaw.com
Email: mgreinert@bdiplaw.com

Elizabeth L. DeRieux
State Bar No. 05770585
S. Calvin Capshaw
State Bar No. 03783900
D. Jeffrey Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Avenue
Gladewater, Texas 75647
Telephone: 903-236-9800
Facsimile: 903-236-8787
Email:  ederieux@capshawlaw.com
Email:  ccapshaw@capshawlaw.com
Email:  jrambin@capshawlaw.com

**Attorneys for Plaintiff
CASSIDIAN COMMUNICATIONS, INC**.

## CERTIFICATE OF CONFERENCE

The parties formally met and conferred by telephone on the issues raised by these motions *in limine* on October 25, 2013. Discussions between counsel for Plaintiff, Elizabeth DeRieux and counsel for Defendants, J. Thad Heartfield, failed to result in agreement between the parties on the issues set forth herein. The discussions have conclusively resulted in an impasse leaving open issues that only the Court can resolve. The parties however agreed to continue to meet and confer on the issues presented in an effort to reach agreement, if possible, on some of the motions *in limine* prior to the time by which Defendants are required to respond.

Dated: October 28, 2013

          */s/ Denise M. De Mory*
          Denise M. De Mory

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF CASSIDIAN COMMUNICATIONS, INC.'S MOTIONS IN LIMINE** was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record.

          */s/ Denise M. De Mory*
          Denise M. De Mory