IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CASSIDIAN COMMUNICATIONS, INC., | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:12-CV-162-JRG |
| MICRODATA GIS, INC., et al., | § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Airbus DS Communications'[1] Motion to Correct Inventorship of U.S. Patent No. 6,744,858 ("'858 Patent") According to 35 U.S.C. Section 256 and Federal Rule of Procedure 60(b) Motion to Vacate the Judgment That Claims of the Patent are Invalid (Dkt. No. 206, filed August 26, 2014.) The Court also takes notice of the briefing in the appellate record that resulted in the related remand to this Court from the United States Court of Appeals for the Federal Circuit. For the following reasons, the Court GRANTS-IN-PART Airbus's Motion as set forth below.

## APPLICABLE LAW

Though 35 U.S.C. § 102 has since been amended by the America Invents Act, the historic version of the statute that governs the '858 Patent provides that "a person shall be entitled to a patent unless . . . (f) he did not himself invent the subject matter sought to be patented." 35 U.S.C. § 102(f) (2011). "Upon [] a finding of incorrect inventorship, a patentee may invoke

---

[1] Plaintiff Cassidian Communications, Inc. changed its name to Airbus DS Communications on August 1, 2014. (Dkt. No. 206-1 ¶ 1.) For consistency, the Court will refer to Plaintiff as Airbus.

[35 U.S.C. § 256[2]] to save the patent from invalidity." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1350 (Fed. Cir. 1998). "Accordingly, the patentee must then be given an opportunity to correct inventorship pursuant to that section." *Id.* "[A] patent with improper inventorship does not avoid invalidation simply because it might be corrected under section 256." *Id.* "Rather, the patentee must claim entitlement to relief under the statute and the court must give the patentee an opportunity to correct the inventorship." *Id.* "If the inventorship is successfully corrected, section 102(f) will not render the patent invalid." *Id.* "On the other hand, if the patentee does not claim relief under the statute and a party asserting invalidity proves incorrect inventorship, the court should hold the patent invalid for failure to comply with section 102(f)." *Id.* at 1350-51. "On such a finding and absent correction, the patent would be rendered invalid under section 102(f)." *Id.* at 1353.

While there are other sections of 35 U.S.C. that broadly address the correction of a patent (e.g. §§ 254, 255 for mistakes by the PTO and the applicant), it is worth observing that § 256 was separately and specifically enacted for the correction of named inventors. The Federal Circuit has discussed the change created by the enactment of § 256:

> Before the enactment of section 256, patentees and their assignees committed inventorship errors at their peril; misjoinder or nonjoinder of an inventor rendered the patent invalid. Section 256 affords the opportunity to correct the patent. S.Rep. No. 1979,

---

[2] 35 U.S.C. § 256 (2014), which is shown as amended by the America Invents Act, provides as follows for the "Correction of named inventor":

(a) Correction.—Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.

(b) Patent Valid if Error Corrected.—The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

> 82nd Cong., 2nd Sess. at 7 (1952), U.S.Code Cong. & Admin.News 1952, pp. 2394, 2401. If the patentees and their assignees agree, correction can be had on application to the Commissioner. In the event consensus is not attained, however, the second paragraph of section 256 permits redress in federal court. *See* P.J. Federico, Commentary on the New Patent Act, 35 U.S.C.A. 1 (1954) ("If [the parties] do not concur, the correction can only be made on order of a court.... [S]ection 256 ... gives a court authority to order correction").

*MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1570 (Fed. Cir. 1989). Further, the Federal Circuit has held, in addressing the prior version of the statute, "[t]he legislative history of the 1982 amendments to 35 U.S.C. §§ 116 and 256 strongly suggests that Congress intended to permit correction of inventorship, without regard to the conduct of the named inventor, as long as there was no deceptive intention on the part of the true inventor." *Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1554 (Fed. Cir. 1997) (citation omitted). The Federal Circuit also held that construing "the term 'error' [in 35 U.S.C. § 256] to include all varieties of mistakes—honest and dishonest—harmonizes well with the title 35 policy of seeking to reward the actual inventors of technological advances." *Id.* This Court observes that the current version of the statute removed the language—found in the preceding version of the statute—specifying that the "error arose without any deceptive intention on [the inventor's] part."

"Incorrect inventorship is a technical defect in a patent that may be easily curable." *Winbond Electronics Corp. v. Int'l Trade Comm'n*, 262 F.3d 1363, 1371 (Fed. Cir.) opinion corrected, 275 F.3d 1344 (Fed. Cir. 2001) (citing *Canon Computer Sys., Inc. v. Nu–Kote Int'l, Inc.*, 134 F.3d 1085, 1089 (Fed.Cir.1998)). "The Patent Act accords each patent a presumption of validity." *Id.* (citing 35 U.S.C. § 282 (1994)). "This presumption embraces as well the notion that a patent's named inventors are the true and only inventors." *Id.* (citing *Hess v. Adv. Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed.Cir.1997)). "A Certificate of Correction extends that presumption to the corrected document." *Id.* "To rebut this presumption, a party

challenging patent validity for omission of an inventor must present 'clear and convincing, corroborated evidence' that the correction was improper." *Id.* (citing *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1352 (Fed. Cir. 1998)).

"Absent fraud or deceptive intent, the correction of inventorship does not affect the validity or enforceability of the patent for the period before the correction." *Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1329 (Fed. Cir. 2001) (citing *Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1554–56 (Fed. Cir. 1997)).

**BACKGROUND**

This Court held a jury trial in this case which resulted in the jury returning a unanimous verdict on December 20, 2013. At the trial, Defendants challenged the validity of the '858 Patent for improper inventorship on the basis that Mr. William R. Whitehurst, whose name was not listed in the '858 Patent, is an inventor of the claimed technology. Airbus argued that Mr. Whitehurst was not a co-inventor, and Airbus presented statements from each of the inventors shown on the face of the '858 Patent, stating that Mr. Whitehurst made no contribution to the claimed invention. Nonetheless, the jury found that Airbus's patents were invalid and not infringed. (Dkt. No. 155, filed December 20, 2013.)

Airbus then sought, among other things, judgment as a matter of law to overturn the jury's finding of invalidity. At trial, Defendants presented three separate theories challenging the validity of the asserted claims of the '858 Patent: (1) improper inventorship; (2) anticipation; and (3) lack of written description or enablement. The Court granted Airbus's motion as to anticipation and lack of written description or enablement but denied Airbus's motion as to improper inventorship, finding "that a verdict of improper inventorship is not against 'the great weight of the evidence.'" (Dkt. No. 201 at 11, 24.) The Court also denied Airbus's motion for a new trial on the same issue. (*Id.*)

On August 26, 2014, after the Court denied Airbus's motions for a new trial and for judgment as a matter of law on invalidity, Airbus filed the instant Motion seeking to correct the inventorship of the '858 Patent and relieve it from the judgment of invalidity. Airbus's Motion included declarations by each of the inventors on the face of the '858 Patent, testifying that they believed that their statements were correct at the time of filing, that they understood the jury had found that Mr. Whitehurst was a co-inventor (and the Court had concluded the jury had sufficient evidence), and that they had no disagreement with Airbus's request to add Mr. Whitehurst as an inventor. On August 29, 2014, Airbus also submitted a petition to correct the inventorship of the '858 Patent to the United States Patent and Trademark Office ("USPTO").

Airbus then filed its appeal to the United States Court of Appeals for the Federal Circuit on October 6, 2014. Airbus sought an indicative ruling on the instant Motion under Federal Rule of Civil Procedure ("F.R.C.P.") § 62 on October 16, 2014. (Dkt. No. 216.) This Court denied Airbus's motion for an indicative ruling and carried its ruling on the instant Motion pending a determination by the Federal Circuit. (Dkt. No. 218.) Following a motion on appeal, the Federal Circuit remanded "for the district court to decide Airbus's motion to vacate the invalidity judgment pursuant to Fed. R. Civ. P. 60" having stated the following:

> Airbus brought this suit, charging Defendants-Appellees with infringement of U.S. Patent No. 6,744,858. The district court entered judgment against Airbus based on a jury verdict that a co-inventor, William R. Whitehurst, was omitted from the patent. After Airbus filed its Notice of Appeal, the United States Patent and Trademark Office issued a Certificate of Correction naming Mr. Whitehurst as an inventor.
>
> Airbus argues that the invalidity judgment should be vacated because the facts supporting it have changed. Under the circumstances, the court will grant Airbus's request for a limited remand to allow the district court to determine whether or not to vacate the invalidity judgment only pursuant to Fed. R. Civ. P. 60. There is no basis to vacate the non-infringement judgment. We

> note that Airbus has stated that if the invalidity judgment is vacated, it will dismiss the appeal in its entirety.

(Dkt. No. 223 at 2; Fed. Cir. Case No. 15-1037, Dkt. No. 28.)

## ANALYSIS

Airbus's Motion asks the Court to order the inventorship of the '858 patent corrected under 35 U.S.C. § 256 and then to vacate the Court's judgment that the patents are invalid for improper inventorship under F.R.C.P 60(b)(5)[3] or 60(b)(6).[4] (Mot. at 1.) As discussed above, Airbus simultaneously pursued a certificate of correction with the USPTO under § 256. The USPTO granted Airbus's petition to correct inventorship on November 5, 2014 and issued a Certificate of Correction, naming Mr. Whitehurst as a co-inventor, on January 6, 2015. For purposes of the Court's limited remand under F.R.C.P 60, the Court accepts the Certificate of Correction of inventorship under 35 U.S.C. § 256(a), finding no evidence in the record currently before the Court that there is clear and convincing evidence of error in the USPTO's issuance of the Certificate of Correction.[5]

At a cursory level, Airbus's Motion might appear to present a difficult and seemingly circular proposition. Airbus's argument, paraphrasing the language of *Pannu*, is essentially as follows: if (1) the patentee does not claim relief under § 256; (2) the party asserting invalidity proves incorrect inventorship; and (3) the court holds the patent invalid for failure to comply with § 102(f), then (A) the patentee can then seek a certificate of correction of inventorship

---

[3] F.R.C.P 60(b)(5) provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . . (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

[4] F.R.C.P 60(b)(6) provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . . (6) any other reason that justifies relief."

[5] In so doing, the Court does not make an independent finding under 35 U.S.C. § 256(b).

under § 256; (B) if the patentee obtains a certificate correcting inventorship, the error under § 102(f) is eliminated; (C) the patentee may then move the Court to vacate its judgment of failure to comply with § 102(f) under Rule 60; and (D) the Court can grant the motion, vacating its judgment of invalidity for failure to comply with § 102(f).  Considering § 256, this outcome should not be surprising.  It is clear to this Court—as it has been to the other Courts that have addressed § 256—that Congress intended § 256 to broadly allow the correction of errors in inventorship, and if correctable, such errors should not alone bring about invalidity.

The Court finds that the circumstances justify relief under F.R.C.P. 60(b)(6).  The Court has found that the only ground under which the '858 Patent's invalidity was supported was under 35 U.S.C. § 102(f) for the failure to name Mr. Whitehurst as an inventor.  The Court has been presented with a Certificate of Correction for the '858 Patent that now includes Mr. Whitehurst as an inventor. The Court therefore **GRANTS-IN-PART** the portions of Airbus's Motion requesting relief under F.R.C.P. 60(b)(6).  The Court, utilizing its authority under F.R.C.P. 60(b)(6), hereby relieves the Plaintiff from the Court's judgment of invalidity of the U.S. Patent No. 6,744,858 for improper inventorship.  The Court's judgment of invalidity, but only as to invalidity, is therefore **VACATED**.  The Court notes that the scope of Court's remand is limited, and, in making its determination, the Court does not decide any other issue, such as enforceability.

**So ORDERED and SIGNED this 20th day of April, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE